IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| ALEXANDER J. VLADOFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Judge Ronald A. Guzmán |
| v. | ) |
| | ) 04 C 5872 |
| GEORGE F. CHAPLIN and | ) |
| BLANCHE CHAPLIN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Alexander Vladoff ("Vladoff") filed this personal injury lawsuit against George and Blanch Chaplin ("Chaplins") for negligence. The case is before the Court on defendants' Federal Rule of Civil Procedure ("Rule") 12(b)(2) motion to dismiss, or alternatively, to transfer venue. For the reasons provided in this Memorandum Opinion and Order, the motion to dismiss is granted.

### The Legal Standard

On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff has the burden to make a *prima facie* showing that personal jurisdiction exists. *See Neuman v. Florabelle Flowers, Inc.*, 15 F.3d 721, 724 (7th Cir. 1994). In deciding this motion, we resolve any factual disputes in Vladoff's favor. *Saylor v. Dyniewski*, 836 F.2d 341, 342 (7th Cir. 1988).

## Factual Background

On September 9, 2002, Vladoff was injured while getting out of a pool at the Chaplins' home in Greenfield, Indiana. (Compl. ¶¶ 5-7.) The pool ladder broke while Vladoff was attempting to climb from the deck to ground level, and Vladoff sustained injuries from the fall. (*Id.* ¶¶ 8-11.) Vladoff claims the Chaplins were negligent in failing to maintain, repair or alter the pool deck and ladder. (*Id.* ¶ 13.)

On September 8, 2004, Vladoff, a citizen of Illinois, filed this lawsuit against the Chaplins, citizens of Indiana, in this Court. (*Id.* ¶ 2.). The statute of limitations on Vladoff's claim expired the following day.

## Discussion

Federal courts sitting in diversity may exercise personal jurisdiction over nonresident defendants only if a forum-state court would have such jurisdiction. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). Illinois courts can "'exercise jurisdiction on any . . . basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States.'" *Id.* at 714 (quoting 735 ILL. COMP. STAT. 5/2-209(c)). The state and federal jurisdiction standards are not meaningfully different. The exercise of jurisdiction comports with the Illinois Constitution if "it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality of and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." *Rollins v. Ellwood*, 565 N.E.2d 1302, 1316 (Ill. 1990). The exercise of jurisdiction comports with the Federal Constitution if the non-resident defendant has "purposefully avail[ed] [him]self of the privilege of conducting

activities" in the forum state such that he "should reasonably anticipate being haled into court there." *Burger King v. Rudzewicz*, 471 U.S. 462, 474, 475 (1980) (citation omitted).

Vladoff has not alleged that the Chaplins have had any contact at all with Illinois, let alone the kind of contacts that would cause them to anticipate defending a suit here. On the contrary, Vladoff alleges that the Chaplins are residents of Indiana and that this suit arises from a tort that occurred on their Indiana property. (Compl. ¶¶ 2, 5-13.) Accordingly, this Court cannot constitutionally exercise personal jurisdiction over the Chaplins.

The next question is whether the case should be dismissed or transferred pursuant to 28 U.S.C. § 1406 or 28 U.S.C. § 1631. The former statute permits the Court to transfer a case to the proper venue if the transfer is "in the interest of justice." *See* 28 U.S.C. § 1406(a).[1] The latter statute permits the Court to transfer a case when it lacks jurisdiction and the transfer "is in the interest of justice." *See* 28 U.S.C. § 1631. Thus, both statutes hinge the transfer decision on "the interest of justice."

Vladoff argues that a transfer is in the interest of justice because the statute of limitations on his claim has now expired. According to the Supreme Court, the interest of justice may require transfer, rather than dismissal, when a plaintiff mistakenly files suit in the wrong district and the statute of limitations expires before the mistake is discovered. *Goldlawr*, 369 U.S. at 467. Whether the interest of justice requires a transfer in any case, however, depends on the nature of the filing error. When the error is reasonable, transfer may be appropriate. *Id.* ("If by reason of the uncertainties of proper venue a mistake is made, . . . 'the interest of justice' may

---

[1] A case can be transferred pursuant to that statute, even if the transferring court does not have personal jurisdiction over the defendants. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962).

3

require that the complaint not be dismissed but rather be transferred . . . ."); *see Coté v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986) ("If [plaintiff's] mistake were one easy to commit, the penalty [of dismissal] might be so disproportionate to the wrong that it would have to be reversed . . . ."). When the error is obvious, however, dismissal is appropriate. *Coté*, 796 F.2d at 985 (upholding district court's decision not to transfer case though limitations period had expired because filing suit in Wisconsin when neither the cause of action nor the defendants had any relationship with that state was an "elementary" mistake).

The Seventh Circuit's decision in *Saylor v. Dyniewski*, 836 F.2d 341 (7th Cir. 1988) is illustrative. The plaintiffs in *Saylor* filed suit in this Court against Indiana residents to recover for injuries they sustained in a car accident that occurred in Indiana. *Id.* at 341. After determining that it lacked jurisdiction over the defendants, the district court dismissed the suit, rather than transferring it. *Id.* at 342. Plaintiffs appealed, arguing that the interest of justice mandated a transfer because the statute of limitations on their claim had expired. *Id.* at 345.

The Seventh Circuit disagreed. In the court's view, plaintiffs had committed an "'elementary'" error when they filed suit in Illinois rather than "fil[ing] a protective suit in a forum where personal jurisdiction was assured." *Id.* (quoting *Coté*, 796 F.2d at 985). Because plaintiffs had "gambled their case on an extremely dubious theory of personal jurisdiction," the fact that the limitations period had expired did not require a transfer. *Id.*

The court reached a similar conclusion in *Brown v. Grimm*, 624 F.2d 58 (7th Cir. 1980) (per curiam). The plaintiff in that case filed a personal injury action in this Court against an Indiana resident arising out of an accident that occurred in Indiana. *Id.* at 59. Instead of transferring the case, the district court dismissed it for lack of personal jurisdiction, though the limitations period had run. *Id.*

4

On appeal, the Seventh Circuit declined plaintiff's invitation to "hold that a transfer is all but required [when]. . . refiling and adjudication on the merits is unavailable because of the running of the statute of limitations." *Id.* Because plaintiff had "asserted absolutely no basis for personal jurisdiction over [the defendant]" in his complaint and had "blatant[ly] disregard[ed] . . . the elementary principles of *in personam* jurisdiction," the court upheld the dismissal. *Id.*

Vladoff, like the plaintiffs in *Saylor* and *Brown*, made an obvious and fundamental error when he filed this suit in Illinois rather than Indiana. Given the fact that the Chaplins are Indiana residents, who are not alleged to have any contact with Illinois, and Vladoff was injured at their Indiana home, Vladoff should have known that this Court could not exercise personal jurisdiction over them. Because his decision to file suit in Illinois was wholly unreasonable, the Court will exercise its discretion to dismiss the case rather than transfer it.

Dismissal may seem harsh but, as our court of appeals has noted, "[t]he proper penalty for obvious mistakes that impose costs on opposing parties and on the judicial system is a heavy one." *Coté*, 796 F.2d at 985. "[P]laintiffs . . . must determine where [they] can get personal jurisdiction over the defendant before, not after, the statute of limitations runs," *id.*, and if they fail to do so, we will not "subordinate the interests of future defendants and the courts in competent choices of venue to the interests of the present plaintiffs in escaping the costs of their counsel's mistakes." *Saylor*, 836 F.2d at 345.

## Conclusion

For the reasons set forth above, defendants' motion to dismiss [doc. no. 3] is granted.

This case is hereby terminated.

**SO ORDERED.**                    ENTERED: JUL - 1 2005

_____
HON. RONALD A. GUZMAN
United States District Judge